IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RANDY STEPHENSON,          )<br>                            )<br>   Plaintiff,              )<br>                            )<br>v.                          )<br>                            )<br>PLAZE, INC.                 )<br>                            )<br>Serve at:                   )<br>                            )<br>120 South Central Ave.      )<br>Clayton, MO 63105           )<br>                            )<br>   Defendant.              )   | Cause No.:<br><br>**JURY TRIAL DEMANDED**<br>**ON ALL CLAIMS TRIABLE**<br>**BY JURY** |

## COMPLAINT

COMES NOW Plaintiff Randy Stephenson (hereinafter "Plaintiff"), by and through undersigned counsel, and for his Complaint directed against Defendant Plaze, Inc. (hereinafter "Defendant"), states as follows:

## NATURE OF THE CLAIM

1. Plaintiff seeks unpaid wages, liquidated damages, attorneys' fees, and other relief from Defendant for violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et. seq.* ("FLSA"). The FLSA governs the payment of wages to employees such as Plaintiff. Defendant violated the FLSA by knowingly suffering or permitting Plaintiff to perform work without compensating him at a rate of time-and-a-half his regular rate of pay for hours worked in excess of forty (40) per work week.

1

## JURISDICTION AND VENUE

2. The FLSA, 29 U.S.C. § 201 *et. seq.*, authorizes court actions by private parties to recover damages for violation of the wage and hour provisions contained within the FLSA. This Court has subject matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 because the action involves a federal statute, the FLSA, 29 U.S.C. § 201 *et. seq.*

3. Venue in this district is proper under 28 U.S.C. § 1391(b) and (c), because Defendants employed Plaintiff to work in this judicial district, Plaintiff resides in this district, and a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this district.

## THE PARTIES

4. Plaintiff is a citizen of the United States and resides in Pacific, Missouri.

5. Defendant Plaze, Inc. (hereinafter "Plaze") is, and at all material times herein was, a corporation organized under the laws of the State of Missouri with its principal place of business in Pacific, Missouri. Plaze formulates, blends, fills, and produces aerosol products for distribution throughout the United States.

6. At all times material to this action, Defendant has been the "employer" of Plaintiff. At all times material to this action, Plaintiff is and/or has been an "employee" of Defendant as defined by § 203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States within the three (3) years preceding the filing of this lawsuit, plus periods of time for equitable tolling.

7. At all times material to this action, Defendant has been engaged in commerce or in the production of goods for commerce as defined by § 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.

8. At all times material to this action, Defendant has been subject to the pay requirements of the FLSA because it has been engaged in interstate commerce and its employees are engaged in interstate commerce.

9. The overtime wage provisions set forth in § 206 and § 207 of the FLSA apply to Defendant. Defendant employs persons in shipping and packaging jobs that are not positions that fall within an exception or exemption to 29 U.S.C. § 213(a)(1).

10. At all times material to this action, Plaintiff was a non-exempt employee of Plaze within the meaning of the FLSA.

## COMMON FACTUAL ALLEGATIONS

11. Plaintiff began employment with Defendant as a Shipping Clerk at Defendant's Pacific, Missouri facility on or about November 11, 2013, and served in this position until approximately April 2, 2014.

12. Plaintiff's primary duties as a Shipping Clerk consisted of gathering aerosol products at Defendant's facility and preparing them for shipment per "delivery notes" drafted by Defendant.

13. Defendant compensated Plaintiff at a salary of $53,583.14 per annum paid weekly from approximately May 2013 to March 19, 2014. From March 19, 2014 to April 2, 2014, Defendant paid Plaintiff an hourly rate of $26.50 per hour for hours worked up to forty (40) per week.

14. Plaintiff's regularly scheduled hours were Monday through Thursday, 6:15 a.m. to 5:00 p.m., with a forty-five (45) minute lunch break.

15. Plaintiff regularly worked Fridays, beginning at 6:15 a.m. until he was instructed to end his shift by his supervisor.

16. Plaintiff would regularly work up to 50 hours per week.

17. In his position as a Shipping Clerk, Plaintiff did not have the authority to hire, fire, or discipline any of Defendant's employees.

18. From approximately November 11, 2013 to March 19, 2014, Defendant did not record Plaintiff's hours worked as a salaried employee. From March 19, 2014 to April 2, 2014, Defendant began to require Plaintiff to record his hours using a punch-clock and an employee identification number.

19. Defendant failed to post notification of employee rights under the FLSA in its Pacific, Missouri facility.

20. Throughout the entirety of Plaintiff's employment with Defendant as a Shipping Clerk, Defendant failed to compensate Plaintiff for hours worked in excess of forty (40) per workweek at a rate of one-and-a-half times Plaintiff's regular rate of pay.

## COUNT I

## FAILURE TO PAY OVERTIME IN VIOLATION OF THE FLSA

21. Plaintiff incorporates by reference the above-stated paragraphs as if set forth fully herein.

22. The FLSA requires employers to pay non-exempt employees one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) per work week. 29 U.S.C. § 207.

23. Defendant's actions, policies, and/or practices violated the FLSA's overtime requirements by failing to compensate Plaintiff for his overtime hours worked at a premium rate.

24. Defendant knew Plaintiff was not being paid for all the time he spent performing duties essential to his job as a Shipping Clerk.

4

25. Defendant knew or should have known that Plaintiff was a non-exempt employee under the FLSA, and knowingly violated the FSLA by failing to keep accurate records of Plaintiff's actual hours worked and not paying Plaintiff one-and-one-half times his regular rate of pay for all hours worked in excess of forty (40) per workweek.

26. As a result of Defendant's willful violations of the FLSA's overtime pay provisions, Defendant unlawfully deprived Plaintiff of overtime compensation.

27. As a result of Defendant's willful violations of the FLSA's overtime pay provisions, Plaintiff is entitled to a three (3) year statute of limitations period, plus period of equitable tolling. *See* 29 U.S.C. § 255(a).

28. Defendant is liable under 29 U.S.C. § 216(b) for unpaid overtime, as well as liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff seeks judgment awarding: (1) his unpaid overtime compensation; (2) a finding that Defendant's conduct constituted a willful violation of the FLSA; (3) liquidated damages; (4) Plaintiff's attorneys' fees and court and litigation costs; (5) award pre-judgment and post-judgment interest as provided by law; and (6) award such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury on all claims triable by jury herein.

Respectfully Submitted,


By:     */s/ Kevin J. Dolley*
Kevin J. Dolley, USDC #54132MO
Jonathan Skrabacz, USDC #66233
LAW OFFICES OF KEVIN J. DOLLEY, LLC
2726 S. Brentwood Blvd.
St. Louis MO 63144
(314) 645-4100 (office)
(314) 736-6216 (fax)
kevin@dolleylaw.com
jonathan@dolleylaw.com

*Attorneys for Plaintiff*