# SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE, hereinafter referred to as the Agreement, is entered into by and between Randy Stephenson [hereinafter "Stephenson"] and Plaze, Inc. [hereinafter "Plaze"].

WHEREAS, on or about May 22, 2014, Stephenson filed a lawsuit against Plaze styled *Randy Stephenson v. Plaze, Inc.*, in the United States District Court for the Eastern District of Missouri, Cause Number 4:14-cv-00957 alleging unpaid overtime and related damages (hereinafter the "Litigation");

WHEREAS, Plaze has denied all allegations raised in the Litigation; and,

WHEREAS, the parties wish to settle, compromise and fully resolve all disputes between them without any admission of law or fact by any of the parties in any respect whatsoever;

NOW, THEREFORE, for and in consideration of the foregoing, the mutual promises and covenants and agreements herein contained and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and confirmed, the parties hereto covenant and agrees as follows:

1.  The parties agree to settle all outstanding disputes between them for the sum of Seventeen Thousand Five Hundred dollars and No/100 cents ($17,500.00) payable to Stephenson by Plaze. This amount shall be payable as follows: (i) $5,595.83 payable to Stephenson for unpaid overtime compensation from which all regular payroll taxes will be deducted and a W-2 will be issued to him, (ii) $5,595.84 payable to Stephenson for liquidated damages from which no taxes will be deducted and a 1099 will be issued to him, (iii) $6,308.33 payable to Law Offices of Kevin J. Dolley, LLC and a 1099 will be issued to it. All checks will be issued to the parties no later than Tuesday, September 30, 2014.

2.  Upon payment of the amount in paragraph 1 in good and sufficient funds, as well as Court approval of the settlement, Stephenson shall dismiss the Litigation *with prejudice* with each party to bear their respective costs, expenses and attorney's fees.

3.  Release of Plaze: For good and valuable consideration and as part of, and in connection with this Agreement, Stephenson hereby completely releases and forever discharges Plaze, its officers, directors, agents, employees, lawyers, its predecessors, and any and all of its affiliated entities or corporations, of and from any and all actions, causes of actions, losses, damages, attorneys fees and claims of any nature, whether known or unknown, whether arising at law or in equity or otherwise. This Release shall not apply to the parties' obligations set forth in this Agreement.

4.  Plaze represents and warrants that each is a validly existing corporation in good standing with the State of Missouri, duly authorized to enter into this Agreement, and that the party executing this Agreement is authorized to do so on its behalf.

EXHIBIT 1

5. The parties acknowledge that they have been encouraged to consult their attorneys of record before executing this Agreement and that they have in fact done so. The parties further acknowledge that in considering and deciding whether to sign this Agreement they have not relied upon any promise, representation or statement, either oral or written, that is not specifically contained in this agreement, and have not been threatened or coerced into signing this Agreement.

6. The parties enter into this Agreement solely to avoid further expensive, burdensome and protracted litigation. Nothing in this Agreement constitutes or is intended to constitute any finding of fact, admission of liability, or assessment of liability of the parties with respect to any claim that has been asserted or could have asserted in the Litigation. This Agreement and the parties' actions performed pursuant hereto shall not be deemed to be or construed as an admission of any allegations in the Litigation, nor shall they constitute any admission of any fact, liability or fault as to any claim or proceeding which has been, is now being or may be pursued by any person, agency or entity. This Agreement shall not be used and is not intended to be used as evidence or for any other purpose in the Litigation or in any other action or proceeding, other than as evidence of the parties' compromise of their disputes and discharge of the claims in the Litigation and otherwise.

7. This Agreement shall be binding upon and shall inure to the benefit of the parties hereto and their successors, assigns, legal representatives, heirs and legatees.

8. Stephenson represents that he has not heretofore assigned or transferred or purported to assign or transfer to any person or entity any claim or claims, or any portion thereof or interest therein, that he has against Plaze.

9. This Agreement is made and entered into in the State of Missouri and shall in all respects be interpreted, enforced and governed under the laws of said State.

10. Should any one or more of the provisions hereof be determined to be illegal or unenforceable, all of the other provision hereof shall be given effect separately therefrom and shall not be affected thereby.

11. This Agreement contains the entire agreement of the parties with respect to its subject matter and supersedes all prior negotiations and agreements. There are no other agreements, promises, inducements, arrangements, understandings or contingencies between the parties.

12. This Agreement may be modified, altered or terminated only upon the express written consent of the parties hereto, which consent must be signed by the parties or their duly authorized agents.

13. The parties mutually warrant that they: (a) have negotiated the terms of this Agreement, (b) have consulted with counsel with respect to the terms hereof, (c) have read this Agreement, (d) understand all the terms and conditions hereof, (e) have had sufficient time in which to read and consider this Agreement, (f) are not incompetent or had a guardian, conservator, receiver or trustee appointed, and (g) enter into this Agreement of their own free will and volition

14. Stephenson hereby waives any right or claim to future affiliation as an employee of Plaze and agrees that he will not knowingly seek or accept employment or affiliation in the future with Plaze or with any of Plaze's parents, subsidiaries or affiliated corporations, divisions or partnerships, or with any successor or assign. If, through mistake or inadvertence or otherwise, Stephenson applies for employment or affiliation with any of the aforementioned entities, then he shall withdraw his application immediately upon notice without any recourse, legal or otherwise, and to the extent that Stephenson has already been hired, he will resign immediately upon notice without any recourse, legal or otherwise.

15. This Agreement may be executed in one or more identical counterparts, each of which shall be deemed an original but all of which together shall constitute but one and the same instrument. An electronic mail or facsimile copy of a signature shall be as valid as an original.

16. In the event that the Court in the Litigation shall decline to provide approval to the parties' settlement as set forth herein, this Agreement shall become null and void.

This SETTLEMENT AGREEMENT AND RELEASE is executed by RANDY STEPHENSON this 23rd day of September 2014.

RANDY STEPHENSON

_Randy Stephenson_
Signature

STATE OF MISSOURI      )
                       ) SS
COUNTY OF St. louis    )

On this 23rd day of September 2014, before me personally appeared Randy Stephenson, to me known to be the person described in and who executed the foregoing instrument, and acknowledged that he executed the same as his free act and deed. IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal in the location aforesaid, the day and year first above written.

MORGAN BLAND
My Commission Expires
January 29, 2018
St. Louis County
Commission #14572952

_Morgan Bland_
Notary Public
My Term Expires:
January 29, 2018

This SETTLEMENT AGREEMENT AND RELEASE is executed by PLAZE, INC. this 24 day of September 2014.

PLAZE, INC.

_____
Signature

ANDREA OSTERKORN
Printed Name

VICE PRESIDENT, HUMAN RESOURCES
Title

STATE OF MISSOURI           )
                            ) SS
COUNTY OF ST. LOUIS         )

On this 24th day of September 2014, before me personally appeared Andrea Osterkron, to me known to be the person described in and who executed the foregoing instrument, and acknowledged that he executed the same as his free act and deed. IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal in the location aforesaid, the day and year first above written.

_____
Notary Public
My Term Expires:

DEBORAH H KAMPMANN
Notary Public-Notary Seal
State of Missouri, Franklin County
Commission # 12552568
My Commission Expires Mar 18, 2016